Case No. 25-10983

# In the United States Court of Appeals for the Fifth Circuit

◆

CHARLES S. GAITHER,
PLAINTIFF – APPELLANT

V.

JESSICA CARTER, INDIVIDUALLY; BANK OF AMERICA, N.A.,
DEFENDANTS – APPELLEES

◆

On Appeal from the United States District Court
Northern District of Texas, Fort Worth Division
No. 4:25-cv-00171, the Honorable Mark T. Pittman, Presiding

◆

**OPENING BRIEF OF APPELLANT**

◆

Clouthier Law, PLLC
Susan J. Clouthier TBN 24062673
James R. Close TBN 24079789
9950 Woodloch Forest Dr, Ste 1300
The Woodlands, Texas 77380
Telephone: (346) 443-4300
Fax: (346) 443-4343
susan@clouthierlaw.com

**Attorney for Appellant
Charles S. Gaither**

**ORAL ARGUMENT REQUESTED**

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to 5th Cir. R. 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| District Judge: | Mark T. Pittman |
| Magistrate Judge: | Jeffrey L. Cureton |
| Appellant: | Charles S. Gaither |
| Counsel for Appellant: | Susan J. Clouthier<br>James R. Close<br>Clouthier Law, PLLC<br>9950 Woodloch Forest Dr, Ste 1300<br>The Woodlands, Texas 77380 |
| Trial Counsel for Appellant: | James D. Schull<br>8507 Benbrook Blvd, Suite F<br>Benbrook, TX 76126 |
| Counsel for Appellee: | Matthew D. Durham<br>McGuire Woods, LLP<br>2601 Olive Street, Suite 200<br>Dallas, TX 75201 |

/s/ *Susan J. Clouthier*
Susan J. Clouthier

ii

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant Charles S. Gaither respectfully requests oral argument. Although Appellant maintains that the sufficiency of the allegations and the timeliness of the Complaint are adequately addressed in the pleadings, briefing, and record, Appellant submits that oral argument would materially assist the Court in resolving these threshold issues. The instant claims arise from discrete, alleged acts of discriminatory treatment during Appellant's in-person attempts to pay off his mortgage, which implicate fact-intensive questions of discriminatory intent, the plausibility of Plaintiff's pleaded allegations, and the equitable tolling of the limitations periods. Oral argument would enable the parties to address these contested matters more fully, thereby promoting clarity and efficiency in the Court's decisional process. Accordingly, Appellant respectfully requests that this Honorable Court grant oral argument.

## TABLE OF CONTENTS

Certificate of Interested Persons ............................................................ii

Statement Regarding Oral Argument .................................................... iii

Table of Authorities ...............................................................................vi

Subject Matter and Appellate Jurisdiction ............................................1

Statement of the Issues ..........................................................................2

Statement of the Case..............................................................................3

    I.     Relevant facts and procedural history. .................................3

    II.    BANA's Fed. R. Civ. P. 12(b)(6) motion................................8

    III.   United States Magistrate Judge's Findings, Conclusions, and Judgment Dismissing the Amended Complaint. ...........9

Summary of the Argument ...................................................................11

Argument and Authorities....................................................................13

    I.     Standard of review.........................................................13

    II.    The district court erred by prematurely rejecting equitable tolling of the applicable statutes of limitations, where Gaither sufficiently alleged facts supporting its application; or, alternatively, the district court abused its discretion in denying Gaither's request for leave to amend without any finding of prejudice, undue delay, bad faith, dilatory motive, or futility. ........................................................................14

        A.    Gaither alleged facts from which equitable tolling could reasonably be inferred, and dismissal based on the pleadings alone was premature. .........................14

B.      Alternatively, even assuming *arguendo* that equitable
        tolling was not sufficiently alleged, the district court
        abused its discretion in denying Appellant's request
        for leave to amend and clarify his allegations. .......... 18

III.    The district court erred in dismissing Gaither's § 1981
        action where discriminatory intent was sufficiently alleged;
        or, alternatively, the district court erred in denying
        Gaither's request for leave to amend where amendment
        would not have been futile. ................................................. 21

IV.     The district court erred in dismissing Gaither's claim for
        intentional infliction of emotional distress because the
        Federal Rules of Civil Procedure permit alternative
        pleading and supersede Texas law which provides
        otherwise. ........................................................................... 25

V.      The district court erroneously dismissed Gaither's claims
        against Defendant Jessica Carter with prejudice under
        Federal Rule of Civil Procedure 4(m), where Rule 4(m)
        requires dismissal without prejudice. ............................... 28

Conclusion ....................................................................................... 29

Certificate of Service ........................................................................ 30

Certificate of Compliance ................................................................. 31

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abecassis v. Wyatt,*
  785 F.Supp.2d 614 (S.D. Tex. 2011) ............................................... 18, 20

*Bann v. Ingram Micro, Inc.,*
  108 F.3d 625 (5th Cir. 1997) .......................................................... 28

*Bernstein v. Maximus Fed. Servs., Inc.,*
  63 F.4th 967 (5th Cir. 2023) ........................................................... 18

*Causey v. Sewell Cadillac-Chevrolet, Inc.,*
  394 F.3d 285 (5th Cir. 2004) ................................................... 21, 22, 23

*Dueling v. Devon Energy Corp.,*
  623 F. App'x 127 (5th Cir. 2015) .................................................. 19, 20

*Gen. Star Indem. Co. v. Vesta Fire Ins. Corp.,*
  173 F.3d 946 (5th Cir. 1999) ........................................................... 15

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,*
  313 F.3d 305 (5th Cir. 2002) ........................................................... 20

*Griggs v. Hinds Junior Coll.,*
  563 F.2d 179 (5th Cir. 1977) ........................................................... 18

*Hanna v. Plumer,*
  380 U.S. 460 (1965) ..................................................................... 26

*Harding v. Notre Dame Health Sys.,*
  No. CV-24-2035, 2025 WL 1411975 (E.D. La. May 15, 2025) .............. 17

*Hoffmann-La Roche Inc. v. Zeltwanger,*
  144 S.W.3d 438 (Tex. 2004) ........................................................... 26

*Laurence v. Atzenhoffer Chevrolet,*
  281 F. Supp. 2d 898 (S.D. Tex. 2003)...............................................27

*Lozano v. Bosdet,*
  693 F.3d 485 (5th Cir. 2012)..............................................................14

*Mann v. Workforce Grp., LLC,*
  No. 4:19-CV-3935, 2021 WL 12306354 (S.D. Tex. Sep. 30,
  2021).............................................................................................15, 17

*Massachusetts Mut. Life Ins. Co. v. Ambassador Concessions, Inc.,*
  489 F.2d 282 (5th Cir. 1973)..............................................................19

*McLin v. Twenty-First Jud. Dist.,*
  79 F.4th 411 (5th Cir. 2023) ..............................................................13

*Prop. One, Inc. v. USAgencies, L.L.C.,*
  830 F. Supp. 2d 170 (M.D. La. 2011)..................................................27

*Sw. Bell Tel. Co. v. Fitch,*
  *643 F. Supp. 2d 902 (S.D. Tex. 2009)* ..............................................27

*ThunderWave, Inc. v. Carnival Corp.,*
  954 F. Supp. 1562 (S.D. Fla. 1997).....................................................27

*VirtaMove, Corp. v. Hewlett Packard Enter. Co.,*
  No. 2:24-CV-00064-JRG, 2024 WL 4519761 (E.D. Tex. Oct. 17,
  2024).....................................................................................................27

## Statutes

28 U.S.C. § 1291 ......................................................................................1

28 U.S.C. § 1331 ......................................................................................1

28 U.S.C. § 2072 ....................................................................................26

42 U.S.C. § 1981 .............................................................................Passim

Tex. Bus. & Comm. Code § 17.46................................................................25

Tex. Lab. Code § 21.051 .............................................................................7

**Rules**

Fed. R. App. P. 4.........................................................................................1

Fed. R. App. P. 32(a)(5) ............................................................................31

Fed. R. App. P. 32(a)(6) ............................................................................31

Fed. R. App. P. 32(a)(7)(B)(i).....................................................................31

Fed. R. Civ. P. 4(m) .......................................................................3, 13, 28

Fed. R. Civ. P. 8........................................................................................27

Fed. R. Civ. P. 8(a)....................................................................................14

Fed. R. Civ. P. 8(d) ..............................................................................3, 12

Fed. R. Civ. P. 8(d)(2) .........................................................................26, 27

Fed. R. Civ. P. 8(d)(3) ..............................................................................27

Fed. R. Civ. P. 12(b)(6) ......................................................................Passim

Fed. R. Civ. P. 15.....................................................................................19

Fed. R. Civ. P. 15(a)......................................................................18, 19, 20

Fed. R. Civ. P. 15(a)(2) ...........................................................2, 9, 12, 13

Fed. R. Civ. P. 59(a)..................................................................................11

Fed. R. Civ. P. 59(e)..................................................................................11

## SUBJECT MATTER AND APPELLATE JURISDICTION

**Subject Matter Jurisdiction in the District Court**. The district court from which this appeal is taken had jurisdiction of this action pursuant to 28 U.S.C. § 1331, commonly referred to as federal question jurisdiction.

**Jurisdiction in the Court of Appeals**. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Jurisdiction under this statute is proper because this appeal is from a final decision rendered and entered in the United States District Court for the Northern District of Texas on July 22, 2025. *See* ROA.158.

This appeal is timely under the provisions of Rule 4 of the Federal Rules of Appellate Procedure because the Final Judgment was entered on July 22, 2025, and the order denying Appellant's Motion to Alter or Amend Judgment or Alternatively for New Trial was entered on October 21, 2025, and the Notice of Appeal was filed on August 27, 2025. *See* ROA.158, 184, 166.

## STATEMENT OF THE ISSUES

1.  The district court erred in dismissing Gaither's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that it was untimely, where Gaither alleged facts from which equitable tolling of the applicable limitations periods could reasonably be inferred, and where a determination on equitable tolling based solely on the pleadings was premature. Alternatively, the district court abused its discretion by denying Gaither leave to amend under Federal Rule of Civil Procedure 15(a)(2) to clarify or supplement his allegations concerning equitable tolling where leave to amend should be freely given when justice so requires and no rationale for denial was provided.

2.  The district court erred in dismissing Gaither's 42 U.S.C. § 1981 discrimination claim based on a purported failure to allege discriminatory intent, where the Amended Complaint, viewed as a whole and liberally construed, alleged facts giving rise to a reasonable inference of intentional racial discrimination. Alternatively, the district court erred in denying Gaither leave to amend under Federal Rule of Civil Procedure 15(a)(2) where

amendment would not have been futile.

3. The district court erred in dismissing Gaither's intentional infliction of emotional distress claim on the basis that Texas law purportedly precludes said claim as a "gap filler" tort, where Federal Rule of Civil Procedure 8(d) expressly permits pleading multiple, alternative, or inconsistent claims and remedies without election at the pleading stage and supersedes any conflicting state procedural rules.

4. The district court erred by dismissing all claims against Defendant Jessica Carter with prejudice under Federal Rule of Civil Procedure 4(m), where Rule 4(m) expressly requires that dismissal for untimely service be without prejudice.

## STATEMENT OF THE CASE

### I.    Relevant facts and procedural history.

Appellant Charles S. Gaither, initiated this action after Appellee, Bank of America, N.A., (hereinafter sometimes referred to as "BANA") subjected him to discriminatory treatment and humiliation when he attempted to pay off his mortgage loan in full. Mr. Gaither is an African American man and a retired employee of the United States Department

of Justice. ROA.69, 72. Further, Mr. Gaither is a longstanding customer of BANA, where he had maintained multiple accounts, including without limitation the mortgage at issue, for decades. ROA.67. Despite this longstanding banking relationship, BANA and its employees refused Mr. Gaither's legitimate payment, publicly accused him of fraud, and actively blocked his ability to discharge the mortgage. BANA's conduct was extreme and offensive, and the only explanation for this behavior which the bank provided was that they had the right to arbitrarily deny service to any customer. ROA.71.

On July 14, 2020, Mr. Gaither visited BANA's Hulen Branch, located at 4751 South Hulen, Fort Worth, Texas 76132, which is an affluent and predominantly Caucasian area. ROA.67, 69. The purpose of this visit by Mr. Gaither was to obtain a payoff statement for his mortgage and settle the balance. ROA.69. Mr. Gaither spoke with a representative at BANA identified as "Ron," who provided the payoff amount but incorrectly informed Gaither that BANA's "written regulation" required payment via certified cashier's check or wire transfer. ROA.69-70. Strikingly, Ron declined Mr. Gaither's personal check for the full mortgage payoff amount, despite the fact that it was

4

drawn on the very BANA account that the bank had been automatically debiting each month for mortgage payments, and also notwithstanding BANA's ostensible knowledge that the account contained sufficient funds to cover the check. ROA.69-70. Most disturbingly, Ron compounded the refusal by making the unfounded and inflammatory accusation that Mr. Gaither had presented a fraudulent check. ROA.70.

Despite this initial unprovoked, hostile encounter at BANA, Mr. Gaither attempted to comply with BANA's supposed policy concerning personal checks. Mr. Gaither approached InFirst Federal Credit Union ("InFirst") to arrange a wire transfer. ROA.70. InFirst provided a wire request form, which Mr. Gaither took to BANA's Hulen Branch, where a BANA employee appeared to assist him in completion of the necessary details for the transfer. ROA.70. There was no such assistance, however, as the BANA employee intentionally wrote an incorrect loan account number on the form, unbeknownst to Gaither. ROA.70. On July 15, 2020, Gaither was once again humiliated when InFirst informed him that *BANA had rejected the wire due to the incorrect account number handwritten by the BANA employee.* ROA.70. This misidentification of the account, which Mr. Gaither alleges was done maliciously, caused

Gaither additional humiliation and embarrassment, not to mention additional interest on the subject loan and a wire transfer fee for the failed wire. ROA.70, 72.

In a third and ultimately final effort to pay off his mortgage, Mr. Gaither obtained a check from Tarrant County Credit Union ("TCCU") made payable directly to BANA. This was a standard check issued by TCCU to BANA, and not a certified or cashier's check. ROA.70-71. Despite BANA's prior representation that *only* certified funds or wire transfers would be accepted to pay off the loan, BANA nevertheless accepted the TCCU check without any explanation for the inconsistency. ROA.71.

Not only did BANA intentionally harass Mr. Gaither and obstruct him from paying off his mortgage, BANA also intentionally concealed the identity of its branch manager from Mr. Gaither, which prevented him from taking steps to enforce his rights. ROA.73-74. Importantly, it did not become apparent to Mr. Gaither that his mistreatment was arbitrary and discriminatory in nature, as opposed to a neutral application of bank policy or employee incompetence, until he confronted the branch manager for this location. More specifically, the branch manager did not

6

attempt to defend or explain BANA's actions on the basis of policy or employee error when confronted by Gaither, but instead simply related to Mr. Gaither that BANA could arbitrarily refuse service to people "without justification." ROA.71.

Mr. Gaither experienced severe emotional distress, including anxiety, humiliation, and a sense of being treated like a criminal as a result of the mistreatment he endured from BANA. ROA.71. On January 6, 2025, Mr. Gaither filed the instant lawsuit in the Tarrant County District Court. ROA.22. Subsequently, Appellee BANA removed the instant matter to the Northern District of Texas, Fort Worth Division on February 24, 2025. ROA.7

On March 3, 2025, Mr. Gaither filed his Complaint in the federal action (the "Amended Complaint") asserting claims for (1) racial discrimination in violation of 42 U.S.C. § 1981 (the "§ 1981 Claim"), (2) intentional infliction of emotional distress ("IIED") under Texas law, (3) violations of the Texas Deceptive Trade Practices Act, and (4) violation of Texas Labor Code § 21.051, all arising from BANA and branch manager Jessica Carter's conduct as described above. ROA.67.

## II.    BANA's Fed. R. Civ. P. 12(b)(6) motion.

On March 17, 2025, BANA filed its Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion to Dismiss"), seeking to dismiss the Amended Complaint on the basis that Appellant's allegations of discriminatory intent were conclusory, did not circumstantially reflect an intent to discriminate, and were purportedly barred by the statute of limitations. ROA.77-88. BANA further sought to dismiss the Amended Complaint on the basis that Appellant's claim for intentional infliction of emotional distress was precluded as a "gap filler" tort under Texas law, and because said claims were also purportedly barred by the applicable statute of limitations. ROA.88-90.

Mr. Gaither filed his original and amended oppositions to BANA's Motion to Dismiss on April 6, 2025, in which Appellant argued that sufficient factual circumstantial allegations had been made regarding discriminatory intent, that his claim for intentional infliction of emotional distress was not precluded under the circumstances in this matter, and that the applicable statutes of limitations were tolled due to BANA's concealment of the identity of its branch manager, which Appellant alleges prevented him from enforcing his rights in this matter.

8

ROA.99-107.

Appellant's opposition detailed the factual basis supporting each claim and set forth the allegations supporting equitable tolling of the applicable statutes of limitations. ROA.105-107. In the alternative, and with reference to the opposition's factual discussion, Appellant requested leave to amend under Federal Rule of Civil Procedure 15(a)(2) in the event the trial court identified any deficiencies, explaining that amendment would not be futile "in light of the plausible factual basis for each claim alleged in the Amended Complaint." ROA.107. In other words, Appellant not only presented a facially plausible case supported by specific factual allegations but also requested leave to amend to address any identified deficiencies as encouraged by Rule 15(a)(2). ROA105-107.

## III. United States Magistrate Judge's Findings, Conclusions, and Judgment Dismissing the Amended Complaint.

The district court granted BANA's motion to dismiss on July 22, 2025, finding that Mr. Gaither failed to assert that BANA intentionally discriminated or interfered with Appellant's protected rights based on his race; that Mr. Gaither's allegations were too conclusory and speculative to survive a motion to dismiss; and, because the applicable limitations period had run prior to the filing of the initial Petition. ROA.144,148-54.

9

The district court further found that Mr. Gaither's claim for intentional infliction of emotional distress was precluded under Texas law because it arose from the same facts and occurrences as his discrimination claim, and also because the applicable limitations period had elapsed before filing. ROA.154-55.

While not addressed by either party on brief, the district court further discussed Appellant's discrimination claim made under the Texas Labor Code and dismissed same as no employer-employee relationship existed between the parties. ROA.145. Additionally, the district court dismissed Appellant's claim under the Texas Deceptive Trade Practices Act as being untimely and also dismissed all claims against Defendant Jessica Carter on the basis that she was not served within ninety (90) days of the filing of the complaint. ROA.145-46, 155-57.

The district court considered Appellant's request for leave to amend the allegations made in the Amended Complaint and denied this request on the basis that amendment would be futile as to Appellant's § 1981 claim due to said claim purportedly being untimely. ROA.150-54. The district court implicitly denied Appellant's request for leave as to all other claims. The district court examined Appellant's allegations regarding the

10

equitable tolling of the statutes of limitations but found that Appellant did not sufficiently allege equitable tolling in order to save his claims. ROA.152-54. While the district court provided reasons for denying Appellant's request for leave to amend as to his allegations concerning his § 1981 claim, the court did not provide any rationale for its denial of Appellant's request for leave to amend as to his equitable tolling allegations. ROA.152-54.

Appellant filed his Motion to Alter or Amend Judgment Under FRCP 59(e) or Alternatively, for New Trial Under FRCP 59(a) on August 19, 2025. ROA.159. On October 21, 2025, the Magistrate Judge issued an order denying Appellant's motion, finding no basis for revisiting its previous decision. ROA.184.

## SUMMARY OF THE ARGUMENT

The district court erred in dismissing Gaither's Amended Complaint under Federal Rule 12(b)(6). Gaither alleged facts supporting equitable tolling of the applicable statute of limitations periods, and the trial court's determination that equitable tolling was not established by Appellant was premature at this stage of the proceedings. Alternatively, the trial court abused its discretion by denying Gaither leave to amend

under Rule 15(a)(2) to clarify or supplement his allegations regarding equitable tolling. Leave to amend should be freely given when justice so requires, and no substantial reason for denial was shown.

The district court further erred in dismissing the § 1981 claim for failure to plausibly allege discriminatory intent. Viewed as a whole and liberally construed, the Amended Complaint alleges facts giving rise to a reasonable inference of intentional racial discrimination in BANA's treatment of Gaither at all times pertinent hereto. Alternatively, the district court erred in denying Mr. Gaither's request for leave to amend as to his § 1981 claim, as such amendment would not have been futile.

The district court also erred in finding that Mr. Gaither's intentional infliction of emotional distress claim was precluded under Texas law as a "gap filler" tort. Federal Rule of Civil Procedure 8(d) permits pleading alternative or inconsistent claims without election at the pleading stage, and this federal procedural rule supersedes conflicting state procedural rules.

Finally, the court erred by dismissing all claims against Defendant Jessica Carter with prejudice due to her not being served within 90 days of the filing of the complaint under Federal Rule of Civil Procedure 4(m).

Rule 4(m) expressly requires dismissal without prejudice for untimely service.

## ARGUMENT AND AUTHORITIES

### I.   Standard of review.

This Court reviews *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023). A complaint survives dismissal only if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

This Court reviews denials of leave to amend under Rule 15(a)(2) for abuse of discretion, but where the denial is based solely on futility, the Court applies *de novo* review identical in practice to the standard for Rule 12(b)(6) dismissal. *Id.*

Finally, the parameters of Federal Rule of Civil Procedure 4(m), including its requirement of dismissal without prejudice absent good cause, is a question of law reviewed *de novo*. *Lozano v. Bosdet*, 693 F.3d 485, 487 (5th Cir. 2012).

**II.    The district court erred by prematurely rejecting equitable tolling of the applicable statutes of limitations, where Gaither sufficiently alleged facts supporting its application; or, alternatively, the district court abused its discretion in denying Gaither's request for leave to amend without any finding of prejudice, undue delay, bad faith, dilatory motive, or futility.**

**A.    Gaither alleged facts from which equitable tolling could reasonably be inferred, and dismissal based on the pleadings alone was premature.**

The discriminatory nature of BANA's treatment of Mr. Gaither did not become fully apparent to Appellant until he confronted BANA's branch manager, which logically could not have happened until he learned the identity of said manager. The Amended Complaint alleges that BANA intentionally obstructed Gaither from identifying its branch manager, and thus sufficiently asserts facts that support the equitable tolling of the statute of limitations in this matter.

Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. A complaint satisfies this standard unless it fails to (1) provide notice of the circumstances giving rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that those elements exist. *Gen. Star Indem. Co. v. Vesta Fire*

14

*Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999). Equitable tolling of a limitations period requires the plaintiff to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Mann v. Workforce Grp., LLC*, No. 4:19-CV-3935, 2021 WL 12306354, at *2 (S.D. Tex. Sep. 30, 2021). The diligence required is reasonable diligence, not maximum feasible diligence. *Id*. The extraordinary circumstance must derive from an external obstacle to timely filing that is beyond the plaintiff's control, rather than from self-inflicted delay. *Id*.

Mr. Gaither's Amended Complaint alleges a sequence of events from which BANA's discriminatory intent was not fully apparent until Mr. Gaither confronted the branch manager. Gaither presented to BANA in order to pay off a mortgage, and was told by a BANA employee, Ron, that he could not pay off his mortgage with a personal check from the account which had been used to pay the monthly note on said mortgage. ROA.69-70. Further, Ron accused Mr. Gaither of attempting to pay with a fraudulent check in this encounter. ROA.70. When Appellant attempted to comply with what he perceived was a bank policy, he was again hindered by a BANA employee who intentionally provided him

15

with an incorrect account number for a wire transfer form. ROA.70. Finally, and in an apparent reversal of the stated BANA policy, Mr. Gaither was able to pay off his mortgage with a non-certified check from TCCU. ROA.70-71.

Critically, Mr. Gaither alleges that BANA intentionally concealed the identity of its branch manager from him, which prevented him from enforcing his rights. ROA.73-74. Why is this important? The simple reason is that Mr. Gaither confronted the branch manager after he learned who she was. ROA.71. In this encounter, according to Gaither's allegations, the branch manager did not attempt to defend the actions of the subject BANA employees on the basis of policy, or even employee incompetence. Rather, the branch manager related to Mr. Gaither that BANA could simply refuse service to customers "without justification." ROA.71. With this admission, it became clear to Mr. Gaither that he had been the victim of racial discrimination.

Despite Mr. Gaither's allegations, the district court in this matter found that the applicable statutes of limitations on Gaither's claims had run, and incorrectly rejected Gaither's allegations of equitable tolling on the basis that (1) there were no facts showing that BANA concealed the

16

branch manager's identity, and (2) that Gaither did not allege facts which showed that he exercised due diligence in pursuing his rights. ROA.152-53. On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true. *Harding v. Notre Dame Health Sys.*, No. CV-24-2035, 2025 WL 1411975, at *3 (E.D. La. May 15, 2025). From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims. *Id.* Whether to equitably toll a statute of limitations is a decision which rests in the discretion of the court, and the court must take care not to apply the applicable statute of limitations too harshly. *Mann*, 2021 WL 12306354, at *2.

The district court incorrectly found that Gaither was not entitled to equitable tolling because he did not allege specific facts to that effect, but this was a premature determination. When a time limitations defense is raised in a motion to dismiss, deciding the applicability of equitable tolling based solely on the pleadings may be premature as the facts tolling the running of the statute "**do not necessarily appear in the complaint**." *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 970–

17

71 (5th Cir. 2023). (emphasis added). Indeed, equitable tolling is a factual issue which ordinarily cannot be resolved on a Rule 12(b)(6) motion. *Abecassis v. Wyatt*, 785 F.Supp.2d 614, 652 (S.D. Tex. 2011), *on reconsideration in part*, 7 F. Supp. 3d 668 (S.D. Tex. 2014).

The district court incorrectly made a premature determination that Appellant was not entitled to equitable tolling based on the pleadings alone, and this determination effectively rendered the remainder of Appellant's Amended Complaint moot. The district court erred in prematurely determining that Mr. Gaither could not avail himself of equitable tolling in this matter, and Appellant respectfully requests that the judgment of the trial court be reversed.

**B.    Alternatively, even assuming *arguendo* that equitable tolling was not sufficiently alleged, the district court abused its discretion in denying Appellant's request for leave to amend and clarify his allegations.**

The Federal Rules of Civil Procedure provide that leave to amend a complaint shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *See also Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 179–80 (5th Cir. 1977). Leave to amend should be freely given by a district court, and a claimant should be afforded an opportunity to amend its complaint and test its claim on the merits. *Massachusetts Mut. Life Ins. Co. v.*

*Ambassador Concessions, Inc.*, 489 F.2d 282, 282–83 (5th Cir. 1973). This Honorable Court reviews a district court's denial of leave to amend under Federal Rule of Civil Procedure 15 for abuse of discretion, but has acknowledged that the term "discretion" in this context may be misleading, as Rule 15(a) "evinces a bias in favor of granting leave to amend." *See Dueling v. Devon Energy Corp.,* 623 F. App'x 127, 128–29 (5th Cir. 2015) In the absence of a substantial reason such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial of a request for leave to amend. *Id.*

In his original and amended oppositions to BANA's motion to dismiss, Mr. Gaither requested leave to amend his complaint in the event that the district court found deficiencies, incorporating by reference the preceding discussion of his factual allegations. ROA.99, 102, 104, 107. This request for leave to amend encompassed all issues raised in the complaint. The district court considered and denied Appellant's request for leave and provided reasons as to his § 1981 claim, while implicitly denying Appellant's request for leave to amend as to equitable tolling without rationale or reasons other than its premature determination that

19

equitable tolling was unavailable.

When a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Abecassis*, 785 F. Supp. 2d at 626; *c.f. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002). Importantly, the touchstone for denial of leave to amend under Rule 15(a) is prejudice. *Dueling*, 623 F. App'x at 130. The district court made no finding whatsoever that granting Mr. Gaither's request for leave to amend his complaint as to equitable tolling would prejudice the defendants in any way, nor did the district court make any finding of undue delay, bad faith, dilatory motive, or futility.

Mr. Gaither alleged that BANA concealed the identity of its branch manager from him, and that this concealment prevented him from enforcing his rights. Further, Gaither alleges facts from which it can be reasonably inferred that he did not become aware that BANA's actions were racially motivated versus based on policy or incompetence. These allegations sufficiently raise equitable tolling, but at the very least, the district court abused its discretion in denying Gaither leave to amend,

20

supplement, and clarify his allegations in this regard. Accordingly, Mr. Gaither respectfully requests that the Judgment of the district court be reversed and remanded for further proceedings.

**III.   The district court erred in dismissing Gaither's § 1981 action where discriminatory intent was sufficiently alleged; or, alternatively, the district court erred in denying Gaither's request for leave to amend where amendment would not have been futile.**

Mr. Gaither alleges facts in his complaint which circumstantially demonstrate that he was the victim of racial discrimination when BANA prevented him from paying off his mortgage. At the very least, such discriminatory intent is a reasonable inference from the facts to which Gaither is entitled.

This Honorable Court reviews dismissals under Rule 12(b)(6) *de novo,* and in doing so, accepts as true the well-pleaded factual allegations in the complaint. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Id*. A dismissal will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

In order to prevail in a § 1981 claim, a plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute in order to establish a prima facie case under § 1981. *Causey*, 394 F.3d at 288–89. It is not disputed that Appellant alleged that he is a member of a racial minority or that the claim concerns one of the activities enumerated in the statute, and thus the sole question before this Honorable Court is whether intent to discriminate on the basis of race was alleged.

The district court incorrectly held that the Amended Complaint failed to allege discriminatory intent based on a myopic reading of said pleading which focused on a lack of allegations showing that specific customers belonging to other races were treated differently under the same or similar circumstances. ROA.149. Respectfully, this would be difficult for *any* plaintiff to accomplish at the pleading stage prior to any discovery taking place. A court must review a complaint as a whole and not read it narrowly or in isolation to determine whether discriminatory intent can be reasonably inferred. *Causey*, 394 F.3d at 289. A plaintiff need only allege facts that, taken together, give rise to a plausible

22

inference of discriminatory intent, even if the complaint could also be read to suggest an alternative, nondiscriminatory motive. *Id.*

Appellant alleged outrageous conduct by BANA and its employees for which discriminatory intent is not only a plausible explanation, but is likely the *only* plausible explanation. Mr. Gaither was incorrectly told that he could not pay the balance of his mortgage with a personal check due to bank policy requiring certified funds or a wire transfer, which turned out to be false, and was accused by said employee of attempting to present a fraudulent check. ROA.69-71. Mr. Gaither's second attempt to pay his mortgage via a wire transfer was intentionally sabotaged by a BANA employee, causing further humiliation and cost. ROA.70-72. Finally, BANA reversed course on its purported policy and accepted a non-certified check by Mr. Gaither to pay off his mortgage, but only after three (3) days of humiliation and cost for Appellant. ROA.70-71. Critically, when Mr. Gaither confronted the branch manager, there was no attempt to explain or defend Gaither's treatment other than that the bank could purportedly refuse service "without justification." ROA.71.

Mr. Gaither is an African-American man who was simply attempting to pay off his mortgage at a bank in a predominantly

Caucasian area, and the circumstances alleged demonstrate that Gaither was denied service "without justification" due to his race. At the very least, it can be reasonably inferred based on the facts alleged that BANA's actions were racially motivated, and the district court therefore erred in finding that discriminatory intent was not alleged.

The district court further erred when it denied Appellant leave to amend regarding his § 1981 claim, stating that doing so would be futile as the applicable statute of limitations had run. ROA.153-54. For the reasons discussed hereinabove, Mr. Gaither properly raised equitable tolling, and the district court's determination on that issue was premature. While Mr. Gaither contends that discriminatory intent was properly alleged, at the very least, Appellant should have been granted leave to amend and clarify his allegations as discussed above. Out of an abundance of caution, and to the extent that leave to amend was denied as to any other claims stated in the Amended Complaint on the basis of futility in connection with the limitations issue, Appellant respectfully shows that the district court likewise erred in denying said requests for the foregoing reasons, and respectfully requests that the Judgment of the district court be reversed and remanded.

**IV. The district court erred in dismissing Gaither's claim for intentional infliction of emotional distress because the Federal Rules of Civil Procedure permit alternative pleading and supersede Texas law which provides otherwise.**

The district court incorrectly dismissed Gaither's claim for intentional infliction of emotional distress based on its finding that (1) the applicable statute of limitations had run, and (2) the gravamen of Gaither's IIED claim was the same as his § 1981 claim, and was thus precluded as a "gap filler tort" under Texas law. First, for the reasons discussed above, dismissal based on the statute of limitations was inappropriate because Appellant will be able to avail himself of equitable tolling.[1] Further, Gaither properly alleged his IIED claim in the alternative as permitted by the Federal Rules of Civil Procedure.

Under Texas law, an IIED plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the

---

[1] Appellant further alleged a claim for discrimination under Texas Business & Commerce Code § 17.46, the Deceptive Trade Practices – Consumer Protection Act ("DTPA"), which was not briefed by the parties in the proceedings below, but which was also dismissed by the trial court solely on the basis that the applicable statute of limitations had run. ROA.155, at n.5. For the reasons provided in the foregoing sections, the trial court likewise erred in dismissing Appellant's DTPA claim as the applicable statute of limitations was equitably tolled.

plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). Texas courts have limited the availability of IIED as a remedy, holding that where the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim. *Id.* at 448 This was incorrectly interpreted by the district court to preclude Mr. Gaither from alleging IIED based on the same operative facts as his § 1981 claim, which is a procedural and not a substantive issue.

When a Federal Rule of Civil Procedure directly addresses a question in dispute, the Federal Rule governs and supersedes any conflicting state law or rule on the same subject matter, provided that the Federal Rule complies with the Rules Enabling Act, 28 U.S.C. § 2072, by regulating procedure rather than abridging, enlarging, or modifying substantive rights. *Hanna v. Plumer*, 380 U.S. 460, 464, 473–74 (1965). Federal Rule of Civil Procedure 8(d)(2) provides that a party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones, and

that if a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

A party is not required to elect remedies at the pleading stage and may plead multiple, alternative, or even inconsistent claims or remedies without choosing among them until trial. Fed. R. Civ. P. 8(d)(2)–(3); *See also VirtaMove, Corp. v. Hewlett Packard Enter. Co.*, No. 2:24-CV-00064-JRG, 2024 WL 4519761, at *2 (E.D. Tex. Oct. 17, 2024). Indeed, pleading alternative and mutually exclusive causes of action is routinely permitted by federal courts. *See, e.g., Prop. One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 175 (M.D. La. 2011); *Sw. Bell Tel. Co. v. Fitch, 643 F. Supp. 2d 902, 910–11 (S.D. Tex. 2009)*; *Laurence v. Atzenhoffer Chevrolet*, 281 F. Supp. 2d 898, 900 (S.D. Tex. 2003*)*; *ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997).

While the Texas rule appears to preclude Appellant from alleging IIED in the alternative, this rule is clearly procedural in nature as it affects the requirements for alleging a claim. Federal Rule of Civil Procedure 8 does not abridge, enlarge, or modify any substantive right in this matter, and thus the Federal Rule controls. The district court erred

27

in holding that Appellant could not allege IIED as an alternative form of relief, and the July 22, 2025 judgment should therefore be reversed.

## V.    The district court erroneously dismissed Gaither's claims against Defendant Jessica Carter with prejudice under Federal Rule of Civil Procedure 4(m), where Rule 4(m) requires dismissal without prejudice.

The district court found that Defendant, Jessica Carter was not served within ninety (90) days after the complaint was filed, and accordingly ordered that all claims against all Defendants be dismissed. ROA.156-57. In its July 22, 2025 Judgment, all claims, including without limitation those against Defendant Carter, were dismissed with prejudice. ROA.158. The plain text of Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action **without prejudice** against that defendant **or order that service be made within a specified time.**" Fed. R. Civ. P. 4(m) (emphasis added). Dismissal with prejudice is not authorized under Rule 4(m) for untimely service alone. *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626-7 (5th Cir. 1997). The district court's dismissal of the claims against Jessica Carter with prejudice should therefore be remanded with instructions to enter dismissal without prejudice.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests and prays that this Honorable Court reverse the district court's grant of Appellee Bank of America, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint, remand this matter for further proceedings, and for such other relief as this Court deems just.

February 17, 2026

Respectfully submitted,

**CLOUTHIER LAW, PLLC**

/s/ ***Susan J. Clouthier***
Susan J. Clouthier
Tex. Bar No. 24062673
James R. Close
Tex. Bar No. 24079789
9950 Woodloch Forest Dr, Ste 1300
The Woodlands, Texas 77380
Tel: (346) 443-4300
Fax: (346) 443-4343
susan@clouthierlaw.com

**Counsel for Appellant
Charles S. Gaither**

## CERTIFICATE OF SERVICE

I certify that on February 17, 2026, the foregoing Brief was filed electronically using the Court's CM/ECF system, which will give notice of the filing to counsel for the Appellee.

I further certify that (1) the required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

I further certify that I will mail the correct number of paper copies of the foregoing document to the Clerk of Court when requested.

/s/ ***Susan J. Clouthier***
Susan J. Clouthier

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 5,184 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook font size 14.

/s/ *Susan J. Clouthier*
Susan J. Clouthier